IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CERTIFICATION TRENDZ, LTD., a United Kingdom corporation, <br><br> Plaintiff, <br><br> v. <br><br> NING ZHOU, an individual; FREETECH SERVICES INC., a foreign corporation; TEST4CERT, LTD., a foreign corporation; and JOHN DOES 1-25, <br><br> Defendants. | § § § § § § § § § § § § § § § Civil Action No. 1:09cv1214 |

## ORDER GRANTING PLAINTIFF CERTIFICATION TRENDZ'S EX PARTE MOTION FOR (1) TEMPORARY RESTRAINING ORDER ENJOINING DISTRIBUTION OF CERTIFICATION TRENDZ SOFTWARE AND INFRINGING MISLABELED PRODUCTS AND (2) TEMPORARY ORDER IMPOUNDING CERTIFICATION TRENDZ PRODUCTS, AND (3) ORDER TO SHOW CAUSE

THIS MATTER comes before the Court upon plaintiff Certification Trendz, Ltd.'s ("Certification Trendz") Ex Parte Application for (1) a Temporary Restraining Order enjoining Defendants Ning Zhou, FreeTech Services, Inc., and Test4cert Ltd. (collectively, "Pass4sure" or "Defendants") from distributing copies of software infringing Certification Trendz's intellectual property rights or mislabeled test preparation materials, (2) a Temporary Impoundment Order directing Defendants to preserve all test preparation products pending an inspection, segregation and eventual impoundment of all infringing property, and (3) a Show Cause Order requiring Defendants to appear and show cause why the Temporary Restraining Order and Temporary Impoundment Order should not remain in place pending (a) the inspection and impoundment, and (b) an evidentiary hearing or further action by the Court to determine whether the provisional relief shall remain in effect pending the trial in this action. Having reviewed the

materials submitted, and being fully advised, the Court GRANTS Certification Trendz's Motion as follows:

(1) The Court GRANTS Certification Trendz's Ex Parte motion without notice to Defendants because the Court finds that there is a real and substantial probability that Defendants will secrete or transfer beyond this Court's jurisdiction the software and exam preparation materials or other products infringing Certification Trendz's intellectual property rights that are the subject of this Temporary Restraining Order.

(2) For the purposes of this Order, the term "Certification Trendz Products" includes exam preparation software copied from, based on, or derived from Certification Trendz's TestKing® Testing Engine source code and exam preparation products containing exam question explanations that are copies of Certification Trendz exam explanations in which Defendants' logos have replaced the TEST KING® mark.

(3) The Court GRANTS Certification Trendz's Ex Parte motion for a Temporary Restraining Order enjoining Defendants' distribution of Certification Trendz Products upon finding that plaintiff Certification Trendz has carried its burden of showing the injunction is necessary to prevent irreparable harm, and has further demonstrated likelihood of success on the merits, or, at the very least, sufficiently serious questions going to the merits of the claim, and that the balance of the hardships tips decidedly in its favor.

(4) The Temporary Restraining Order is granted pursuant to Federal Rule of Civil Procedure 65 and 17 U.S.C. § 502.

(5) The Court hereby RESTRAINS AND ENJOINS Defendants, and any persons or entities acting on their behalf, from advertising, distributing or selling any Certification Trendz Products.

(6) This Temporary Restraining Order shall take effect immediately and shall remain in effect pending the Show Cause Hearing in Paragraph 13, or further order of this Court. Defendants may apply to the Court for dissolution or modification of this Temporary Restraining Order on two court days' notice to Certification Trendz.

(7) The Court GRANTS Certification Trendz's Ex Parte motion for a Temporary Impoundment Order upon finding that plaintiff Certification Trendz has carried its burden of showing the injunction is necessary to prevent irreparable harm, and has further demonstrated likelihood of success on the merits, or, at the very least, sufficiently serious questions going to the merits of the claim, and that the balance of the hardships tips decidedly in its favor.

(8) The Temporary Impoundment Order is granted pursuant to Federal Rule of Civil Procedure 65 and 17 U.S.C. § 503(a).

(9) The Court hereby RESTRAINS AND ENJOINS Defendants, and any persons or entities acting on their behalf, from transferring, removing or disposing of any Certification Trendz Products.

(10) The Court hereby IMPOUNDS all Certification Trendz Products in Defendants' possession, custody or control. Defendants are further ORDERED to identify in writing to plaintiffs counsel, not less than two court days before the Show Cause Hearing in Paragraph 13, the location or locations of all such products.

(11) This Temporary Impoundment Order shall take effect immediately and shall remain in effect pending the Show Cause Hearing in Paragraph 13, or further order of this Court. Defendants may apply to the Court for dissolution or modification of this Temporary Impoundment Order on two court days' notice to Certification Trendz.

(12) Certification Trendz shall file a single bond in the amount of $5000 to serve as security for all claims with respect to this Temporary Restraining Order and Temporary Impoundment Order, and any additional injunctive relief ordered by the Court in this action.

(13) Defendants are ordered to appear on November 19, 2009 at 10 a.m./~~p.m.~~, and show cause why Temporary Restraining Order and Temporary Impoundment Order should not remain in effect pending (i) the inspection, segregation and impoundment of any Certification Trendz Products in their possession, custody or control, and (ii) an evidentiary hearing or further action by the Court to determine whether the provisional relief ordered herein shall remain in effect pending the trial in this action.

(14) Defendants shall serve and file any papers in opposition to the continued restraint and impoundment not less than two court days before the Show Cause Hearing.

Entered November 6, 2009,

/s/
Gerald Bruce Lee
United States District Judge