IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CERTIFICATION TRENDZ, LTD., a United Kingdom corporation, § § § § § § § § § § § § § § Plaintiff, v. NING ZHOU, an individual; FREETECH SERVICES INC., a foreign corporation; TEST4CERT, LTD., a foreign corporation; and JOHN DOES 1-25, Defendants. | Civil Action No. 1:09cv1214 |

## ORDER GRANTING CERTIFICATION TRENDZ'S EX PARTE MOTION FOR (1) TEMPORARY RESTRAINING ORDER FREEZING DEFENDANT'S FINANCIAL ACCOUNTS AND ASSETS, AND (2) ORDER TO SHOW CAUSE

THIS MATTER comes before the Court upon plaintiff Certification Trendz, Ltd.'s ("Certification Trendz") Ex Parte Motion for (1) a Temporary Restraining Order freezing certain accounts and assets owned or controlled by Ning Zhou, FreeTech Services, Inc., and Test4cert Ltd. (collectively "Defendants") within the United States or otherwise in United States commerce, and (2) an Order requiring Defendants to appear and show cause why those accounts and assets should not remain frozen pending an evidentiary hearing or further action by the Court to determine whether the asset freeze shall remain in effect pending the trial in this action. Having reviewed the materials submitted, and being fully advised, the Court GRANTS Certification Trendz's motion as follows:

(1) The Court GRANTS Certification Trendz's Ex Parte Motion without notice to Defendants because the Court finds that there is a real and substantial probability that Defendants

1

will secrete or transfer beyond this Court's jurisdiction the funds and assets that are the subject of this Temporary Restraining Order.

(2) The Court GRANTS Certification Trendz's Ex Parte Motion for a Temporary Restraining Order freezing Defendants' Global Collect, and any and all linked or associated accounts, upon finding that plaintiff Certification Trendz has carried its burden of showing, that the injunction is necessary to prevent irreparable harm, and has further demonstrated likelihood of success on the merits, or, at the very least, sufficiently serious questions going to the merits of the claim, and that the balance of the hardships tips decidedly in its favor.

(3) The Temporary Restraining Order is granted pursuant to Federal Rule of Civil Procedure 65, the Court's general equitable power, and 17 U.S.C. § 504(b).

(4) The Court hereby RESTRAINS AND ENJOINS Defendants, and any persons or entities acting on their behalf, including but not limited to the financial institutions or third parties identified below, from transferring, disposing of, encumbering or secreting any of the following accounts/assets:

(a) Any Global Collect account(s) in the name of, linked to, or otherwise associated with any of the Defendants.

(b) Any account(s) with or held by financial institutions located within the United States or which otherwise utilize United States commerce that are owned or controlled by Defendants or which receive or distribute funds from or on behalf of Defendants.

(c) Any bank account(s) or other types of accounts linked to, associated with, or receiving deposits from any of the account(s) identified in Paragraphs 4 (a) - (b) of this Order.

(5) As soon as practical upon service of this Order, the aforementioned financial institutions are directed to identify to Certification Trendz by bank name and location, account

holder, and account number any account(s) that is/are linked to, associated with, or receiving deposits from any of the Global Collect account(s) identified in Paragraph 4 of this Order.

(6) Within three business days upon service of this Order, each financial institution shall provide account information in sufficient detail to identify the (a) account holder, (b) address or contact information, and (c) current balance for each account subject to this Order. The required information shall be delivered to counsel for Certification Trendz. As soon as practical, counsel for Certification Trendz is directed to serve Defendants with copies of all account information received.

(7) This Temporary Restraining Order shall take effect immediately and shall remain in effect pending the Show Cause Hearing in Paragraph 9 or further order of this Court. Defendants may apply to the Court for dissolution or modification of this Temporary Restraining Order on two court days' notice to Certification Trendz.

(8) Certification Trendz shall file a bond in the amount of $5000 to serve as security for all claims with respect to this Temporary Restraining Order Freezing Defendants' financial assets, and any additional injunctive relief ordered by the Court in this action.

(9) Defendants are ordered to appear on November 19, 2009, at 10 a.m./p.m. and show cause why the account(s) that is/are the subject of this Order should not remain frozen pending an evidentiary hearing or further order of the Court.

(10) Defendants shall serve and file any papers in opposition to the continued freeze not less than three court days before the Show Cause Hearing.

Entered November 6, 2009.

/s/
Gerald Bruce Lee
United States District Judge

3