**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **CERTIFICATION TRENDZ, LTD., a** | § | |
| **United Kingdom corporation,** | § | |
| | § | **Civil Action No. 1:09-cv-01214-GBL-TRJ** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **NING ZHOU, an individual;** | § | |
| **FREETECH SERVICES INC., a foreign** | § | |
| **corporation; TEST4CERT, LTD., a** | § | |
| **foreign corporation; and JOHN DOES** | § | |
| **1-25,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF CERTIFICATION TRENDZ'S RULE 12(f) MOTION AND
MEMORANDUM IN SUPPORT OF MOTION TO STRIKE DEFENDANT FREETECH
SERVICES'S AND DEFENDANT TEST4CERT'S AFFIRMATIVE DEFENSES ONE
THROUGH FOUR AND "AFFRIMATIVE PLEADINGS" ONE THROUGH THREE**

Brandon M. Jordan
Virginia State Bar No. 75054
Robert A. Auchter
D.C. Bar No. 441669
(*Appearing Pro Hac Vice*)
McKool Smith
1700 K Street NW
Suite 740
Washington, D.C. 20006
Tel: (202) 370-8300
Fax: (202) 370-8344
bjordan@mckoolsmith.com


**ATTORNEYS FOR PLAINTIFF
CERTIFICATION TRENDZ, LTD.**

**TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................1

     A.    Procedural History ....................................................................................1

     B.    Defendants' Answer...................................................................................2

II.    ARGUMENT ...........................................................................................................3

     A.    Legal Standard for Motion to Strike .......................................................3

     B.    Defendants' Affirmative Defenses Should be Stricken ...........................4

           1.    Unclean Hands ..............................................................................5

           2.    Laches and Estoppel ...................................................................10

           3.    Failure to State a Claim..............................................................15

           4.    Copyright Invalidity...................................................................16

     C.    Defendants' "Affirmative Pleadings" Should be Stricken....................18

III.   CONCLUSION.......................................................................................................20

Dallas 293365v1

## TABLE OF AUTHORITIES

**Cases**

*Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*,
   No. C-95-3577, 1996 U.S. Dist. LEXIS 11696 (N.D. Cal. July 24, 1996)............................ 17

*Anderson v. Dist. Bd. of Trustees of Cent. Fla. Commty. College*,
   77 F.3d 364 (11th Cir. 1996) ........................................................................................ 6

*Applied Interact, LLC v. Cont'l Airlines, Inc.*,
   No. 2:07-cv-341, 2008 U.S. Dist. LEXIS 3603 (E.D. Va. Jan. 17, 2008) .............................. 17

*Ariosta v. Fallbrook Union High Sch. Dist.*,
   No. 08-cv-2421, 2009 U.S. Dist. LEXIS 48168 (S.D. Cal. June 4, 2009) .......................... 9, 13

*Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*,
   531 F. Supp. 2d 620 (S.D.N.Y. 2008)............................................................................. 9

*Barna Conshipping, S.L. v. 1,800 Metric Tons, More, of Abandoned Steel*,
   No. 09-0027, 2009 U.S. Dist. LEXIS 37956 (S.D. Ala. May 4, 2009) ........................ 6, 11, 15

*Byrne v. Nezhat*,
   261 F.3d 1075 (11th Cir. 2001) ..................................................................................... 6

*Clem v. Corbeau*,
   98 Fed. Appx. 197 (4th Cir. 2004)............................................................................ 4, 17

*Codest Eng'g v. Hyatt Int'l Corp.*,
   954 F. Supp. 1224 (N.D. Ill. 1996) ............................................................................. 16

*Curry v. High Springs Family Practice Clinic & Diagnosis Ctr., Inc.*,
   No. 1:08-cv-00008, 2008 U.S. Dist. LEXIS 99462 (N.D. Fla. Dec. 9, 2008) ..................... 8

*Facebook, Inc. v. Power Ventures, Inc.*,
   No. 08-5780, 2009 U.S. Dist. LEXIS 103662 (N.D. Cal. October 22, 2009) ..................... 8

*Falzarano v. Retail Brand Alliance, Inc.*,
   No. 07-81069, 2008 U.S. Dist. LEXIS 25358 (S.D. Fla. Mar. 28, 2008).................. 10, 14, 16

*Federal Deposit Ins. Corp. v. British-American Corp.*,
   744 F. Supp. 116 (E.D.N.C. 1990).......................................................................... 4, 5, 19

*Ferguson v. Guyan Mach. Co.*,
   No. 93-2593, 1995 U.S. App. LEXIS 1201 (4th Cir. Jan 20, 1995) ................................. 4

*Hanzlik v. Birach*,
   No. 1:09cv221, 2009 U.S. Dist. LEXIS 63091 (E.D. Va. July 14, 2009) .......................... 15

*Heller Fin., Inc. v. Midwhey Powder Co.*,
   883 F.2d 1286 (7th Cir. 1989) ..................................................................................... 5

*Ill. Wholesale Cash Register, Inc. v. PCG Trading, LLC*,
   No. 08-c-363, 2009 U.S. Dist. LEXIS 44509 (N.D. Ill. May 27, 2009)............................ 4, 17

*JTH Tax, Inc. v. H&R Block Eastern Tax Servs.*,
   128 F. Supp. 2d 926 (E.D. Va. 2001) ........................................................................ 5, 6

*Lawler v. Gilliam*,
   569 F.2d 1283 (4th Cir. 1978) ................................................................................. 5, 19

*Lyons P'ship, L.P. v. Morris Costumes, Inc.*,
   243 F.3d 789 (4th Cir. N.C. 2001)................................................................................ 10

*Maty v. Grasselli Chem. Co.*,
   303 U.S. 197 (1938)................................................................................................... 4

*Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*,
   123 F. Supp. 2d 945 (W.D.N.C. 2000) ......................................................................... 15

*MPC Containment Sys. v. Moreland,*
　No. 05-c-6973, 2008 U.S. Dist. LEXIS 31640 (N.D. Ill. Apr. 17, 2008) ................................ 10

*NTP, Inc. v. Palm, Inc.,*
　No. 3:06-cv-836, 2007 U.S. Dist. LEXIS 97141 (E.D. Va. Mar. 22, 2007) ........................ 3, 18

*Pediamed Pharms., Inc. v. Breckenridge Pharm., Inc.,*
　419 F. Supp. 2d 715 (D. Md. 2006) .................................................................................. 6, 19

*Princeton Woods, LLC v. PNC Bank,*
　1:09-cv-905, 2009 U.S. Dist. LEXIS 100877 (E.D. Va. Oct. 28, 2009) ................................ 12

*Qarbon.com Inc. v. Ehelp Corp.,*
　315 F.Supp.2d. 1046 (N.D. Cal. 2004) ......................................................................... 4, 12, 13

*Rushing v. Time Warner, Inc.,*
　No. 3:05-cv-474, 2006 U.S. Dist. LEXIS 20851 (W.D.N.C. Mar. 1, 2006) ........................... 11

*Software Publrs. Ass'n v. Scott & Scott, LLP,*
　No. 3:06-CV-0949, 2007 U.S. Dist. LEXIS 59814 (N.D. Tex. Aug. 15, 2007) ................. 10, 14

*Spell v. McDaniel,*
　591 F. Supp. 1090 (E.D.N.C. 1984) ....................................................................................... 3

*Strom v. Strom Closures, Inc.,*
　No. 06-c-7051, 2008 U.S. Dist. LEXIS 12375 (N.D. Ill. Feb. 20, 2008) .......................... 10, 14

*Sun Microsystems, Inc. v. Versata Enters.,*
　630 F. Supp. 2d 395 (D. Del. 2009) ....................................................................................... 13

*T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC,*
　No. 3:08-CV-0340, 2008 U.S. Dist. LEXIS 50165 (N.D. Tex. July 1, 2008) ........................... 9

*Torres v. TPUSA, Inc.,*
　No. 2:08-cv-618, 2009 U.S. Dist. LEXIS 22033 (M.D. Fla. Mar. 19, 2009) ....................... 8, 14

*TracFone Wireless, Inc. v. King Trading, Inc.,*
　No. 3:08-cv-0398, 2008 U.S. Dist. LEXIS 90613 (N.D. Tex. Nov. 6, 2008) ........................... 9

*United States ex rel. Godfrey v. Kellogg, Brown & Root, Inc.,*
　No. 1:05cv1418, 2008 U.S. Dist. LEXIS 21957 (E.D. Va. Mar. 13, 2008) ........................ 8, 19

*United States v. 0.28 Acres of Land, More or Less, Situated in Buchanan County,*
　347 F. Supp. 2d 273 (W.D. Va. 2004) .................................................................................... 10

*United States v. 729.773 Acres of Land,*
　531 F. Supp. 967 (D. Hi. 1982) ............................................................................................... 4

*United States v. Fairchild Industries, Inc.,*
　766 F. Supp. 405 (D. Md. 1991) ........................................................................................ 4, 15

*United States v. Poore,*
　594 F.2d 39 (4th Cir. 1979) .................................................................................................... 3

*Visco Fin. Servs. v. Siegel,*
　No. 08-c-4029, 2008 U.S. Dist. LEXIS 92681 (N.D. Ill. Nov. 13, 2008) ..................... 9, 14, 16

*Xerox Corp. v. Global Printing, Inc.,*
　No. 1:05-cv-844, 2005 U.S. Dist. LEXIS 25624 (E.D. Va. Oct. 25, 2005) ............................. 19

*Xerox Corp. v. Imatek, Inc.,*
　220 F.R.D. 241 (D. Md. 2003) ................................................................................................ 20

**Rules**

Fed. R. Civ. P. 12(b) ................................................................................................ 16
Fed. R. Civ. P. 12(f) ........................................................................................... passim
Fed. R. Civ. P. 8 ....................................................................................................... 9
Fed. R. Civ. P. 9(b) ...................................................................................... 7, 13, 17

**Statutes**

15 U.S.C. § 1114 ........................................................................................................ 1
15 U.S.C. § 1125(a) ................................................................................................... 1
15 U.S.C. § 1125(c) ................................................................................................... 1
15 U.S.C. § 1125(d) ................................................................................................... 1
17 U.S.C. § 501 ......................................................................................................... 1

**Treatises**

2 Moore's Federal Practice § 12.37[3] (3d. Ed. 2009) .............................................. 18
2 Moore's Federal Practice § 8.09[1] (3d. Ed. 2009) ................................................. 4
4-13 Nimmer on Copyright § 13.07 (2009) ............................................................. 12
5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1381 (1990) .......... 4

## I.  INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff Certification Trendz hereby moves to strike

Defendant FreeTech Services's and Defendant Test4Cert's [hereinafter "Defendants"]

affirmative defenses one through four and "affirmative pleadings" one through three as set forth

in Defendants' Answer of December 16, 2009.[1]  (*See* Docket No. 33, Defendants' Answer at 5

[hereinafter "Answer"]).

### A.  <u>Procedural History</u>

On October 27, 2009, Certification Trendz filed its complaint against Defendants setting

forth eleven counts of copyright infringement under 17 U.S.C. § 501 (Count I), trademark

infringement under 15 U.S.C. § 1114 (Count II), false designation of origin under 15 U.S.C. §

1125(a) (Count III),  reverse passing-off under 15 U.S.C. § 1125(a) (Count IV), trademark

dilution under 15 U.S.C. § 1125(c) (Count V),  cybersquatting under 15 U.S.C. § 1125(d) (Count

VI), common-law unfair competition (Count VII), conspiracy to injure a business (Count VIII),

constructive trust (Count IX), unjust enrichment (Count X), and seeking an accounting (Count

XI).  (*See* Docket No. 1, Complaint).  Certification Trendz's complaint is directed toward

Defendants' unlawful copying and distribution of Certification Trendz's exam simulation

software, registration of domain names infringing the TEST KING® mark in bad faith, peddling

TEST KING® exam explanations with the unlawfully-substituted logos of "Pass4Sure," and

using the TEST KING® mark to mislead consumers as to affiliation with TEST KING® and to

direct traffic to Defendants' own websites.  (*See generally* Verified Complaint and Docket Nos.

6-12, Plaintiff's motions seeking temporary relief and associated exhibits).  Notably,

---

[1] Individual Defendant Ning Zhou has yet to file an Answer in this matter.

Certification Trendz and Defendants operate at arms length and did not conduct business before Certification Trendz filed the Complaint.

At the outset of this case, Certification Trendz sought and obtained temporary restraining orders against Defendants.  (*See* Docket Nos. 16-17).  After Defendants twice stipulated to extensions of these orders (*See* Docket Nos. 29-30), the corporate Defendants FreeTech and Test4Cert filed an Answer on December 16, 2009.  Two days later, a preliminary injunction was entered against Defendants incorporating Defendants' concessions against using certain domain names and copying Certification Trendz software[2] and imposing additional terms.  (*See* Docket No. 35).

### B.  Defendants' Answer

Defendants' Answer provides, *inter alia*, a section entitled "Affirmative Defenses" and a separate section entitled "Affirmative Pleadings."  (Answer at 5).  As reproduced in full, Defendants' affirmative defenses section states as follows:

1. Plaintiffs claims are barred by the doctrine of unclean hands.
2. Plaintiffs claims are barred by the doctrines of laches and estoppel.
3. Plaintiffs claims fail to state a claim upon which relief can be granted.
4. Plaintiffs alleged federal copyright registration is invalid.

(*Id.*).  Each of these statements fails to provide Certification Trendz fair notice of the nature of Defendants' affirmative defenses, are completely devoid of any facts or elements in support, and should be stricken for being insufficient as set forth herein.  *See* Fed. R. Civ. P. 12(f).

---

[2] Defendants had "no objection to the Court entering a preliminary injunction prohibiting use of the two disputed domain names during the pendency of this case." (Docket No. 31, Def. Response to Show Cause Order at 6). Defendants also did "not object to the Court entering a preliminary injunction prohibiting copying or distribution of derivative works of the [Certification Trendz] TEST KING Testing Engine demo software during the pendency of this case." (*Id.*).

Additionally, Defendants' "Affirmative Pleadings," as reproduced here in full, state as follows:

1. On information and belief Plaintiff actively infringes the copyrights of third parties.
2. On information and belief Plaintiff aids, abets, and induces others to infringe the copyrights of third parties in order to sell practice certification exam questions and answers.
3. On information and belief Plaintiff aids, abets, and induces others to breach contracts requiring third parties maintain the confidentiality of questions and answers from certification exam providers and does so to benefit Plaintiff.

(*Id.*).  Each of these "affirmative pleadings" fails to present any defense or any fact that is material or pertinent to the claims in this case and should be stricken as both irrelevant and scandalous as set forth herein.  *See* Fed. R. Civ. P. 12(f).

## II.  ARGUMENT

### A.  <u>Legal Standard for Motion to Strike</u>

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "Whether to grant a motion to strike is a matter that is within the exercise of this Court's sound discretion." *NTP, Inc. v. Palm, Inc.*, No. 3:06-cv-836, 2007 U.S. Dist. LEXIS 97141 at *6 (E.D. Va. Mar. 22, 2007) (citing *United States v. Poore*, 594 F.2d 39, 41 (4th Cir. 1979)).  "A motion to strike is a severe measure and it is generally viewed with disfavor, because it is difficult to establish that a defense is clearly insufficient.  However, when such a showing is made, the court should grant a motion to strike 'to avoid unnecessary time and money in litigating invalid, spurious issues.'" *Spell v. McDaniel*, 591 F. Supp. 1090, 1113 (E.D.N.C. 1984) (citations omitted), *vacated in part on other grounds* 824 F.2d 1380 (4th Cir. 1987).  "[A] defense that might confuse the issues in the case and would not, *under the facts alleged*, constitute a valid defense to the action can and should be deleted."  *United States v. Fairchild Industries, Inc.*, 766 F. Supp. 405, 408 (D. Md.

1991) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1381

(1990)) (emphasis added).  "Although [a motion to strike] is not normally granted unless

prejudice would result to the movant from the denial of the motion, it is appropriately granted

when the defense is clearly legally insufficient . . . ." *Federal Deposit Ins. Corp. v. British-*

*American Corp.*, 744 F. Supp. 116, 117-118 (E.D.N.C. 1990) (quoting *United States v. 729.773*

*Acres of Land*, 531 F. Supp. 967, 971 (D. Hi. 1982)).

### B.  Defendants' Affirmative Defenses Should be Stricken

Defendants' affirmative defenses are legally insufficient for failure to provide fair notice

of their nature to Certification Trendz.  Rule 12(f) allows the Court to strike any "insufficient

defense."  Fed. R. Civ. P. 12(f).  An affirmative defense is sufficiently pled only if it is "definite

enough to put the plaintiff on fair notice of its nature."  *Ferguson v. Guyan Mach. Co.*, No. 93-

2593, 1995 U.S. App. LEXIS 1201 at *16 (4th Cir. Jan 20, 1995) (holding Defendants

sufficiently pled an affirmative defense where the factual reasoning for the defense had been

provided).  *See also Clem v. Corbeau*, 98 Fed. Appx. 197, 204 (4th Cir. 2004) (holding a defense

sufficiently pled where the "answer sufficiently encapsulated the [defense's] elements"); 2

Moore's Federal Practice § 8.09[1] (3d. Ed. 2009) ("A proper pleading is one that gives the court

and the parties fair notice of the claims and defenses asserted.") (citing *Maty v. Grasselli Chem.*

*Co.*, 303 U.S. 197, 201 (1938)).  When defendants completely fail to offer the plaintiff any detail

or any underlying factual basis for their affirmative defenses, courts have been apt to strike them.

*E.g. Qarbon.com Inc. v. Ehelp Corp.*, 315 F.Supp.2d. 1046, 1049-50 (N.D. Cal. 2004) (striking

Defendant's reference to doctrines such as waiver, estoppel and unclean hands without having

pled the elements of those affirmative defenses and noting that mere "reference to a doctrine . . .

is insufficient notice."); *Ill. Wholesale Cash Register, Inc. v. PCG Trading, LLC*, No. 08-c-363,

2009 U.S. Dist. LEXIS 44509 at *3 (N.D. Ill. May 27, 2009) ("Affirmative defenses must set

4

forth a 'short and plain statement' of the underlying facts; 'bare bones' defenses are insufficient. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294-95 (7th Cir. 1989). [Defendant's] defenses are the epitome of 'bare bones' and will therefore be stricken.").

## 1. Unclean Hands

By simply stating that "Plaintiff's claims are barred by the doctrine of unclean hands," Defendants fail to plead any element or any fact underlying this defense. (Answer at 5). "To establish the affirmative defense of unclean hands, a defendant must demonstrate (1) the plaintiff's conduct was in fact inequitable . . . ; (2) plaintiff's conduct directly related to the claim which it has asserted against the defendant . . . ; and (3) plaintiff's conduct injured the defendant." *JTH Tax, Inc. v. H&R Block Eastern Tax Servs.*, 128 F. Supp. 2d 926, 949 (E.D. Va. 2001), *vacated in part on other grounds* 28 Fed. Appx. 207 (4th Cir. 2002) (citations omitted). The only alleged conduct identified anywhere in Defendants' Answer, as set forth in Defendants' "affirmative pleadings" section, is wholly irrelevant to a defense of unclean hands because the alleged conduct is between Plaintiff and third parties. (*See* Answer at 5 (alleging "Plaintiff infringes the copyrights of *third parties*," "Plaintiff . . . induces *others* to infringe the copyrights of *third parties* . . . ," "Plaintiff . . . induces *others* to breach contracts requiring *third parties* maintain [confidentiality] . . . ." (emphasis added)). "The doctrine of clean hands is not one of absolutes that applies to every unconscionable act of a party. . . . A person is not barred from his day in court in a particular case because he acted wrongfully in another unrelated matter or because he is generally immoral." *Federal Deposit Ins. Corp. v. British-American Corp.*, 744 F. Supp. 116, 118 (E.D.N.C. 1990) (noting that "[i]f the [Plaintiffs] did any inequitable act, it was not against defendants but against a party or parties not involved in this dispute in any way.") (citations and quotations omitted). *See also Lawler v. Gilliam*, 569 F.2d 1283, 1294 n.7 (4th Cir. 1978) (noting that the defense of unclean hands "requires the defendant to show that he himself

has been injured by the plaintiff's conduct.  [Defendants] did not prove that [Plaintiff] harmed

them. The only wrong [Plaintiff] committed was against third parties."); *Pediamed Pharms., Inc.*

*v. Breckenridge Pharm., Inc.*, 419 F. Supp. 2d 715, 728 (D. Md. 2006) ("The Fourth Circuit has

made clear that in order to use the unclean hands defense, Defendants must show they were

injured by Plaintiff's conduct.").

Furthermore, Defendants' unclean hands defense fails to identify the claims to which the

defense applies, depriving Certification Trendz of fair notice and risking unfair surprise.  *Barna*

*Conshipping, S.L. v. 1,800 Metric Tons, More, of Abandoned Steel*, No. 09-0027, 2009 U.S. Dist.

LEXIS 37956 at \*3-4 (S.D. Ala. May 4, 2009) ("[T]o give fair notice of the defense, a party

should identify the claim to which the defense applies. *See, e.g., Byrne v. Nezhat*, 261 F.3d 1075,

1129 (11th Cir. 2001) (criticizing 'shotgun' pleading of affirmative defenses that do not specify

the claim to which the defense is directed); *Anderson v. Dist. Bd. of Trustees of Cent. Fla.*

*Commty. College*, 77 F.3d 364, 366-367 (11th Cir. 1996) (same).").  To prove unclean hands,

Defendants must show that "plaintiff's conduct directly related to the claim which it has asserted

against the defendant."  *JTH Tax, Inc.*, 128 F. Supp. 2d at 949.  As such, Certification Trendz has

no way of knowing whether Defendants' unclean hands defense is related to Defendants'

unlawful copying and distribution of Certification Trendz's exam simulation software,

Defendants' registration of domain names infringing the TEST KING® mark in bad faith,

Defendants' peddling TEST KING® exam explanations with the unlawfully-substituted logos of

"Pass4Sure," or Defendants' using the TEST KING® mark to mislead consumers as to

affiliation with TEST KING® and to direct traffic to Defendants' own websites—or some

combination thereof.

6

Defendants failed to sufficiently plead its unclean hands defense and deprived Certification Trendz of fair notice of the defense's nature, and the defense will prejudice Certification Trendz if it remains as Certification Trendz cannot adequately defend against such vague and open-ended allegations.  The undefined nature of Defendants' current pleading permits the Defendants to continuously alter and change the theory of its defense without putting Certification Trendz on notice that this has occurred.  Defendants could also utilize the broad and undefined nature of its 'unclean hands' defense to rationalize 'fishing expeditions' on matters that would otherwise not be properly subject to discovery.  Though Certification Trendz is presently without knowledge of any facts that could form the basis of an unclean hands defense (especially in light of the parties' lack of business contact prior to the filing of the Complaint), Defendants may also be skirting their obligation to plead with particularity under Fed. R. Civ. P. 9(b) if their unclean hands defense is underpinned by an allegation of fraud or mistake.

Additionally, to the extent Defendants intend to use an unclean hands defense as a vehicle for besmirching Certification Trendz through allegations of misconduct toward third parties, Defendants' allegations only serve to introduce confusion of the issues and prejudice Certification Trendz via infusion of impertinent and scandalous allegations.  Indeed, Defendants already drew from this well by arguing—without presenting any facts—that Certification Trendz violates the copyrights of others.  (*See* Docket No. 32, Defendants' Response to Order to Show Cause at 5 ("Presumably, the hundreds of other IT certifier's exams promulgated by CT are actual copies of the relevant IT certifier's copyrighted material.")).  The Court may also recall that Defendants' counsel alleged, without any basis, that Certification Trendz was violating Microsoft copyrights during the December 18, 2009 show cause hearing.  This prompted counsel for Certification Trendz to correct the record even though Defendants' baseless allegations were

wholly irrelevant to the issue at hand: entering a preliminary injunction against *Defendants*.  If

Defendants' unclean hands defense persists in its present form, Certification Trendz will be

prejudiced by the continued distraction of issues having no relevance to the claims at hand and

would further serve to confuse the issues and potentially the jury.  *See United States ex rel.*

*Godfrey v. Kellogg, Brown & Root, Inc.*, No. 1:05cv1418, 2008 U.S. Dist. LEXIS 21957 at *8

(E.D. Va. Mar. 13, 2008) (Lee, J.) ("[Rule 12(f)] guards against prejudice to the defendant from

having to respond to matters that are 'absolutely irrelevant' to plaintiff's claims.  *Xerox Corp. v.*

*ImaTek, Inc.*, 220 F.R.D. 241, 243 (D. Md. 2003).").

In light of Defendants' bald allegation of unclean hands, it should be stricken consistent

with courts' routine practice of striking insufficiently pled "unclean hands" defenses that

prejudice plaintiffs and deprive them of fair notice.  *See, e.g., Facebook, Inc. v. Power Ventures,*

*Inc.*, No. 08-5780, 2009 U.S. Dist. LEXIS 103662 at *6-7 (N.D. Cal. October 22, 2009)

(granting motion to strike Defendant's allegation that "[Plaintiff's] recovery against Defendants

is barred by the doctrine of unclean hands" because "[Defendant's] affirmative defenses contain

no factual allegations" and therefore did not provide fair notice);  *Torres v. TPUSA, Inc.*, No.

2:08-cv-618, 2009 U.S. Dist. LEXIS 22033 at *3, 5 (M.D. Fla. Mar. 19, 2009) (striking an

affirmative defense of unclean hands and noting that "[a] pleader must [] plead enough facts to

state a plausible basis for the claim. . . . Defendant alleges that plaintiff's claims are barred, in

whole or in part, by the equitable doctrines of estoppel, waiver, unclean hands, and/or laches.

While these are affirmative defenses, there is nothing suggesting that any of them are

plausible.");  *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr., Inc.*, No. 1:08-cv-

00008, 2008 U.S. Dist. LEXIS 99462 at *7, 9 (N.D. Fla. Dec. 9, 2008) ("the affirmative defense

must comply with the liberal pleading requirements of Federal Rules of Civil Procedure 8(a),

such that an affirmative defense must contain, at a minimum, enough facts to put the Plaintiff on notice of the defense. . . . This Court finds that Defendants' Affirmative Defense of Unclean Hands should be stricken because it fails to plead sufficient facts to put the Plaintiff sufficiently on notice of what Defendants intend to present."); *Visco Fin. Servs. v. Siegel*, No. 08-c-4029, 2008 U.S. Dist. LEXIS 92681 at *15-16 (N.D. Ill. Nov. 13, 2008) ("[Defendant] states that [Plaintiff's] complaint is barred by waiver, estoppel, laches, unclean hands, and impossibility of performance. . . . In any case, each of [Defendant's] equitable affirmative defenses are 'bare bones' allegations because each defense merely states the equitable doctrine employed and fails to apprise [Plaintiff] of its legal significance. We find that the equitable defenses do not satisfy Rule 8(a) and are stricken."); *TracFone Wireless, Inc. v. King Trading, Inc.*, No. 3:08-cv-0398, 2008 U.S. Dist. LEXIS 90613 at *3-4 (N.D. Tex. Nov. 6, 2008) ("The Court finds that Defendants' bald affirmative defense[] of unclean hands . . . do[es] not afford Plaintiff any fair notice and can be easily stricken. Defendant has not pleaded sufficient facts with regard to these affirmative defenses.") (citations omitted); *T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, No. 3:08-CV-0340, 2008 U.S. Dist. LEXIS 50165 at *6-7 (N.D. Tex. July 1, 2008) ("The defendants' bald assertion that the '[p]laintiff's claims are barred by the doctrine of unclean hands' does not provide [Plaintiff] with 'fair notice' of the defenses being advanced."); *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, 531 F. Supp. 2d 620, 623 (S.D.N.Y. 2008) ("[Defendant's] affirmative defense[] of . . . unclean hands fail to meet the minimal requirements of notice pleading under Fed. R. Civ. P. 8(a).  [Defendant] merely asserts these claims and defenses without alleging even general facts to support them."); *Ariosta v. Fallbrook Union High Sch. Dist.*, No. 08-cv-2421, 2009 U.S. Dist. LEXIS 48168 at *23 (S.D. Cal. June 4, 2009); *MPC Containment Sys. v. Moreland*, No. 05-c-6973, 2008 U.S. Dist. LEXIS 31640 at *15-16 (N.D. Ill.

9

Apr. 17, 2008);  *Falzarano v. Retail Brand Alliance, Inc.*, No. 07-81069, 2008 U.S. Dist. LEXIS

25358 at *4 (S.D. Fla. Mar. 28, 2008) ("Plaintiff contests the sufficiency of a third affirmative

defense, that '[s]ome or all of Plaintiff's claims may be barred by the applicable statute of

limitations or the equitable doctrines of waiver, estoppel, laches and/or unclean hands.'  This

defense is stricken, as it sets forth no facts and is insufficiently plead."); *Strom v. Strom*

*Closures, Inc.*, No. 06-c-7051, 2008 U.S. Dist. LEXIS 12375 at *18-21 (N.D. Ill. Feb. 20, 2008);

*Software Publrs. Ass'n v. Scott & Scott, LLP*, No. 3:06-CV-0949, 2007 U.S. Dist. LEXIS 59814

at *6-7 (N.D. Tex. Aug. 15, 2007).

     In light of the foregoing, the Court should strike Defendants' unclean hands defense for

failure to provide Certification Trendz with fair notice of the nature of the defense.

### 2.  Laches and Estoppel

     Similar to Defendants' deficient allegation of unclean hands, Defendants fail to plead any

elements of proof or any facts when it states that "Plaintiff's claims are barred by the doctrines of

laches and estoppel."  (Answer at 5).

     Turning first to Defendants' reference to the doctrine of laches, "[t]he elements necessary

to invoke a laches defense are: (1) lack of diligence by the party against whom the defense is

asserted, and (2) prejudice to the party asserting the defense."  *United States v. 0.28 Acres of*

*Land, More or Less, Situated in Buchanan County*, 347 F. Supp. 2d 273, 279 (W.D. Va. 2004)

(citations and quotations omitted).  However, the Fourth Circuit has held that the equitable

doctrine of laches is neither a defense to copyright infringement nor a defense to claims for

injunctive relief under the Lanham Act.  *See Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243

F.3d 789, 797-799 (4th Cir. N.C. 2001) ("[I]n connection with [] copyright claims, separation of

powers principles dictate that an equitable timeliness rule adopted by courts cannot bar claims

that are brought within the legislatively prescribed statute of limitations," and also noting that

"[T]he doctrine of laches may be applied to *equitable* claims brought under the Lanham Act, which contains no express limitations provision. . . . But if the claim is one for injunctive relief, laches would not apply.") (citations omitted, emphasis in original).  To the extent that Defendants intend to apply their barebones defense of laches to copyright claims or injunctive relief under the Lanham Act, the Court should strike Defendants' laches defense as legally insufficient.  *See Rushing v. Time Warner, Inc.*, No. 3:05-cv-474, 2006 U.S. Dist. LEXIS 20851 at *5 (W.D.N.C. Mar. 1, 2006) (striking the affirmative defense of laches when brought against a copyright claim and noting that "the Fourth Circuit Court of Appeals has held that the equitable doctrine of laches does not apply in the context of a copyright infringement action that was brought within the applicable limitations period.").  Furthermore, the inapplicability of the laches defense to certain of Certification Trendz's claims serves to underscore that Defendants have failed to give Certification Trendz fair notice by not identifying the claims to which the defense applies.  *See Barna Conshipping, S.L.*, 2009 U.S. Dist. LEXIS 37956 at *3-4 (striking "shotgun" affirmative defense for failure to provide fair notice).

Defendants' failure to sufficiently plead its laches defense deprives Certification Trendz of fair notice needed to adequately defend against such allegations, and the defense will unfairly prejudice Certification Trendz if it remains in its present form.  Certification Trendz is presently without knowledge of any facts that could form the basis of a laches defense, and the vagueness of Defendants' current pleading allows them to change the theory of their defense without notice to Certification Trendz, subjecting Certification Trendz to unfair surprise.  If it is Defendants' contention that the doctrine of laches applies in this case because Defendants' were perhaps violating Certification Trendz's intellectual property rights for a protracted period of time,

11

Defendants should so state the nature of their defense so that Certification Trendz can properly address it.

Turning to Defendants' estoppel defense, Certification Trendz has no way of determining what legal doctrine Defendants are intending to identify in light of the wide variety of recognized estoppel defenses—all with different elements of proof—including: equitable estoppel, judicial estoppel, statutory estoppel, or some other kind of estoppel.  *See* 4-13 Nimmer on Copyright § 13.07 (2009) (outlining the aforementioned estoppel defenses in copyright cases as well as estoppel defenses holding authors to express representations that their works are factual).  This lack of specificity alone is sufficient reason to strike the defense for failure to give fair notice and to eliminate the risk of unfair surprise to Certification Trendz.  *See Qarbon.com Inc. v. Ehelp Corp.*, 315 F.Supp.2d. 1046, 1049-50 (N.D. Cal. 2004) (striking the barebones defense of estoppel, noting that "[Defendant] does not specify what the defense is—whether it is asserting a single type of estoppel or several types of estoppel such as prosecution history estoppel, equitable estoppel, or some other type of estoppel. As such, [Defendant] does not provide fair notice of its affirmative defenses.").

Considering just one type of estoppel and supposing, *arguendo*, that Defendants intend to assert the doctrine of *equitable* estoppel, Defendants would need to establish "absent a showing of fraud and deception, the following four elements: [1] a representation, [2] reliance, [3] a change of position, and [4] detriment."  *Princeton Woods, LLC v. PNC Bank*, 1:09-cv-905, 2009 U.S. Dist. LEXIS 100877 at *17 (E.D. Va. Oct. 28, 2009).  Defendants offer no facts and plead no elements of this defense and thereby deprive Certification Trendz of fair notice of the defense's nature necessary to adequately defend against such allegations.  This defense will unfairly prejudice Certification Trendz, allowing Defendants to shift and twist their theory

without notice and rationalize fishing expeditions on matters not otherwise subject to discovery. Certification Trendz is presently without knowledge of any facts that could form the basis of an estoppel defense, having no business contact with Defendants prior to the Complaint, and again, Defendants may be avoiding the requirements of Rule 9(b) if their estoppel defense is underpinned by an allegation of fraud or mistake.

In light of the insufficiency of Defendants' laches and estoppel allegations, this Court should strike these defenses consistent with other courts' striking laches and estoppel defenses that fail to provide plaintiffs with fair notice. *See, e.g., Nat'l Council on Comp. Ins., Inc. v. Am. Int'l Group, Inc.*, No. 07-c-2898, 2009 U.S. Dist. LEXIS 14524 at *24-25 (N.D. Ill. Feb. 23, 2009) ("[Defendant's] laches defense does not meet the minimal standard because [Defendant] neither offers any factual basis for the defense, nor summarizes the necessary elements."); *Sun Microsystems, Inc. v. Versata Enters.*, 630 F. Supp. 2d 395, 409-410 (D. Del. 2009) ("[Defendant's] equitable estoppel defense gives [Plaintiff] no notice as to exactly what 'misleading, deceptive, and unlawful conduct' supports a finding of equitable estoppel. . . . [T]he Court concludes that [Defendant's] equitable estoppel defense is not detailed enough to allow [Plaintiff] to avoid surprise and undue prejudice, and that the defense, as currently alleged, is clearly insufficient. . . . There are insufficient factual allegations in [Defendant's] Answer and Amended Counterclaims to support either a laches or a waiver defense, and accordingly, the Court will strike both of these defenses.") (citations omitted); *Ariosta v. Fallbrook Union High Sch. Dist.*, No. 08-cv-2421, 2009 U.S. Dist. LEXIS 48168 at *23 (S.D. Cal. June 4, 2009) (striking affirmative defense of laches with leave to amend, noting "The eleventh affirmative defense is based on the doctrine of laches. Plaintiffs argue that the defense does not allege any legal elements of laches or factual basis for asserting the defense in this case."); *Torres v.*

*TPUSA, Inc.*, No. 2:08-cv-618, 2009 U.S. Dist. LEXIS 22033 at *3, 5 (M.D. Fla. Mar. 19, 2009)

(striking an affirmative defenses of laches and estoppel and noting that "[a] pleader must [] plead

enough facts to state a plausible basis for the claim. . . . Defendant alleges that plaintiff's claims

are barred, in whole or in part, by the equitable doctrines of estoppel, waiver, unclean hands,

and/or laches. While these are affirmative defenses, there is nothing suggesting that any of them

are plausible."); *Visco Fin. Servs. v. Siegel*, No. 08-c-4029, 2008 U.S. Dist. LEXIS 92681 at *15-

16 (N.D. Ill. Nov. 13, 2008) ("[Defendant] states that [Plaintiff's] complaint is barred by waiver,

estoppel, laches, unclean hands, and impossibility of performance. . . . In any case, each of

[Defendant's] equitable affirmative defenses are 'bare bones' allegations because each defense

merely states the equitable doctrine employed and fails to apprise [Plaintiff] of its legal

significance. We find that the equitable defenses do not satisfy Rule 8(a) and are stricken.");

*Falzarano v. Retail Brand Alliance, Inc.*, No. 07-81069, 2008 U.S. Dist. LEXIS 25358 at *4

(S.D. Fla. Mar. 28, 2008) ("Plaintiff contests the sufficiency of a third affirmative defense, that

'[s]ome or all of Plaintiff's claims may be barred by the applicable statute of limitations or the

equitable doctrines of waiver, estoppel, laches and/or unclean hands.'  This defense is stricken,

as it sets forth no facts and is insufficiently plead."); *Strom v. Strom Closures, Inc.*, No. 06-c-

7051, 2008 U.S. Dist. LEXIS 12375 at *18-21 (N.D. Ill. Feb. 20, 2008) ("[Plaintiff] also

correctly points out that affirmative defenses 2 and 3 contain nothing more than conclusory

references to the equitable defenses of unclean hands and laches."); *Software Publrs. Ass'n v.

Scott & Scott, LLP*, No. 3:06-CV-0949, 2007 U.S. Dist. LEXIS 59814 at *6-7 (N.D. Tex. Aug.

15, 2007) ("[T]he defendants' bald assertions that the plaintiff's claims are barred, in whole or in

part, 'by the doctrines of waiver, estoppel, and ratification,' 'by the doctrine of laches,' and due

to the plaintiff's 'unclean hands' do not provide [Plaintiff] with 'fair notice' of the defenses being advanced.").

In light of the foregoing, the Court should strike Defendants' estoppel defense for failure to provide Certification Trendz with fair notice of the nature of the defense.

### 3.  Failure to State a Claim

As presently set forth, Defendants' bald allegation that "Plaintiff's claims fail to state a claim upon which relief can be granted" is legally insufficient.  As this Court has stated:

> A court may strike a defense that is clearly insufficient as a matter of law. *Microsoft Corp. v. Computer Support Servs. of Carolina, Inc.*, 123 F. Supp. 2d 945, 949 (W.D.N.C. 2000) (quotation and citation omitted). When an answer contains a 'failure to state a claim' defense, and the complaint states a claim for relief, the better practice is to strike the asserted defense. 5C Wright & Miller § 1381 (3d ed. 2004).

*Hanzlik v. Birach*, No. 1:09cv221, 2009 U.S. Dist. LEXIS 63091 at *8-9 (E.D. Va. July 14, 2009) (striking failure to state a claim defense being used by Defendants to reserve the ability to move for dismissal).  *See also United States v. Fairchild Indus.*, Inc., 766 F. Supp. 405, 409 (D. Md. 1991) (striking failure to state a claim defense and noting that "this defense relates only to the sufficiency of plaintiff's allegations. Defendants may ultimately prevail on one or more of their affirmative defenses; this is irrelevant to the issue of the sufficiency of the allegations.").

Certification Trendz is faced with the immediate problem of not knowing which, if any, of the counts stated in the complaint allegedly fails to state a claim because Defendants did not identify the claims to which the defense applies.  *See Barna Conshipping, S.L.*, 2009 U.S. Dist. LEXIS 37956 at *3-4 ("[T]o give fair notice of the defense, a party should identify the claim to which the defense applies.").  As such, Certification Trendz respectfully asserts that the claims set forth in its complaint are sufficient on their face and reserves the right to rebut Defendants' allegations should details of their nature ever materialize—noting, however, that the time for

filing a proper Rule 12(b)(6) motion has passed.  *See* Fed. R. Civ. P. 12(b) ("A motion asserting

[failure to state a claim] must be made before pleading if a responsive pleading is allowed.").

This Court should strike Defendants' bald allegation that Certification Trendz has failed

to state a claim upon which relief can be granted, consistent with courts' practice of striking

insufficiently pled "failure to state a claim" defenses that deprive plaintiffs of fair notice and an

opportunity to respond.  *See, e.g.*, *Visco Fin. Servs. v. Siegel*, No. 08-c-4029, 2008 U.S. Dist.

LEXIS 92681 at *15 (N.D. Ill. Nov. 13, 2008) ("[Defendant's] assertion that [Plaintiff] fails to

state a claim is conclusory and does not fairly apprise [Plaintiff] of why its enforcement action

fails to state a claim for relief.  Since [Defendant's] defense does not comply with the minimal

specifics of Rule 8, it is stricken."); *Falzarano v. Retail Brand Alliance, Inc.*, No. 07-81069,

2008 U.S. Dist. LEXIS 25358 at *4 (S.D. Fla. Mar. 28, 2008) ("The first affirmative defense at

issue, 'Plaintiff's claim fails to state claims for which relief may be granted and therefore be

dismissed to the extent that it fails to allege each and every element of the cause of action

Plaintiff attempts to raise,' is insufficient, as it does no more than recite the standard for

dismissal under Rule 12(b)(6)."); *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F. Supp. 1224, 1231

(N.D. Ill. 1996) (striking defense where "[Defendant's] assertion is no more than a recitation of

the standard for a motion to dismiss under Rule 12(b)(6).  It fails to refer to any particular count

of [Plaintiff's] complaint and fails to notify [Plaintiff] of any specific infirmities in the

complaint.").

### 4.   Copyright Invalidity

Defendants identify no statute, regulation, fact, element, reasoning, or cognizable legal

theory for their allegation that "Plaintiff's alleged federal copyright registration is invalid."

(Answer at 5).  Deprived of fair notice, Certification Trendz is left in the dark and is apparently

expected to scour the requirements of the approximately 150,000-word Title 17 of the U.S. Code,

16

the approximately 150,000 words of Part 202 of Title 37 of the Code of Federal Regulations, and further speculate whether some extra-statutory legal theory supposedly invalidates its copyright registration.  Though Certification Trendz is presently unaware of any circumstances that would render its copyright registration invalid, to the extent Defendants intend to argue that Plaintiff has committed fraud on the Copyright office, it has failed to do so with specificity under Rule 9(b) and its defense should be stricken.  *See Applied Interact, LLC v. Cont'l Airlines, Inc.*, No. 2:07-cv-341, 2008 U.S. Dist. LEXIS 3603 at \*21-26 (E.D. Va. Jan. 17, 2008) (striking allegations of fraud on the U.S. Patent Office for failure to plead with specificity).

Without even a basic understanding of the elements of proof Defendants must show for their defense of invalidity, Certification Trendz has no way to address Defendants' defense or even understand the proper scope of discovery.  Certification Trendz is therefore prejudiced by the lack of fair notice of the nature of the defense, and it should be stricken accordingly. *Compare Clem v. Corbeau*, 98 Fed. Appx. 197, 204 (4th Cir. 2004) (holding a defense sufficiently pled where the "answer sufficiently encapsulated the [defense's] elements") *with Ill. Wholesale Cash Register, Inc. v. PCG Trading, LLC*, 2009 U.S. Dist. LEXIS 44509 (N.D. Ill. May 27, 2009) ("Affirmative defenses must set forth a 'short and plain statement' of the underlying facts; 'bare bones' defenses are insufficient.").  *Cf. Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, No. C-95-3577, 1996 U.S. Dist. LEXIS 11696 at \*38-39 (N.D. Cal. July 24, 1996) ("[Defendant] asserts as an affirmative defense that the '548, '273, and '233 patents 'are invalid, unenforceable and/or void for failure to meet the requirements of the United States patent laws, including but not limited to 35 U.S.C. §§ 101-112, 120-121, 135, 146, and 291.' Under Rule 8 of the Federal Rules of Civil Procedure, an affirmative defense must be pled with the minimal specificity necessary to give the plaintiff 'fair notice' of the defense.  Since the

sections referred to by defendant provide numerous grounds for finding a patent invalid, defendant must provide a more specific statement of the basis for this defense in order to give [Plaintiff] fair notice of the claims being asserted.") (citations omitted).

### C. Defendants' "Affirmative Pleadings" Should be Stricken

Defendants set forth a separate section of their Answer entitled "Affirmative Pleadings" presenting no defenses and alleging only that Plaintiff has directly and indirectly infringed the copyrights of third parties and induced breach of third-party contracts.  (*See* Answer at 5).  None of Defendants' allegations have anything to do whatsoever with the claims or defenses in this case and should be stricken as wholly immaterial and scandalous.

> Federal Rule of Civil Procedure 12(f) provides that the Court may order stricken from a pleading any matter that is immaterial or impertinent.  An allegation is 'impertinent' or 'immaterial' when it is [not] relevant to the issues involved in the action.  To prevail on this motion to strike, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the defendants.

*NTP, Inc. v. Palm, Inc.*, No. 3:06-cv-836, 2007 U.S. Dist. LEXIS 97141 at *5-6 (E.D. Va. Mar. 22, 2007) (citation and quotations omitted) (striking allegations regarding unethical conduct where allegations had only "slight relevance," "would only serve to confuse the issues in the conscience of the jury" and where "[a]ny probative value that the evidence supporting the disputed allegations may have would be substantially outweighed by its prejudicial effect."). Furthermore, Rule 12(f) permits the Court to strike scandalous allegations "that unnecessarily reflect[] on the moral character of an individual."  2 Moore's Federal Practice § 12.37[3] (3d. Ed. 2009).

Defendants' scandalous allegations are wholly irrelevant and impertinent to Certification Trendz's asserted claims and Defendants' insufficiently-pled affirmative defenses.  Certification Trendz is aware of no authority establishing copyright infringement of third parties or third-party

18

contract interference as a defense to any claim asserted in the Complaint.  Furthermore, as stated *supra* regarding Defendants' insufficiently-pled unclean hands defense, Plaintiff's alleged misconduct with third parties cannot form the basis for a showing of unclean hands because of the required element that Defendant—*not a third party*—be injured by Plaintiff's conduct.  *See Federal Deposit Ins. Corp. v. British-American Corp.*, 744 F. Supp. 116, 118 (E.D.N.C. 1990); *Lawler v. Gilliam*, 569 F.2d 1283, 1294 n.7 (4th Cir. 1978); *Pediamed Pharms., Inc. v. Breckenridge Pharm., Inc.*, 419 F. Supp. 2d 715, 728 (D. Md. 2006).

Defendants' allegations only serve to prejudice Certification Trendz by questioning its character, introducing confusion of the issues, and subjecting Certification Trendz to the time and expense of responding to impertinent allegations—including the expense of responding to discovery regarding irrelevant issues.  As previously discussed, Defendants' have already attempted to gain an advantage upon this unfair prejudice by alleging Certification Trendz is violating Microsoft Copyrights during pleadings and hearings before this Court—despite such allegations' total irrelevance to any claim or defense. (*See* Docket No. 32, Defendants' Response to Order to Show Cause at 5).  Defendants' reliance on these allegations has gone far enough.  This Court should strike Defendants' "Affirmative Allegations" as immaterial and scandalous in avoidance of continued distraction of issues having no relevance to the claims at hand and confuse the issues.  *See United States ex rel. Godfrey v. Kellogg, Brown & Root, Inc.*, No. 1:05cv1418, 2008 U.S. Dist. LEXIS 21957 at *8 (E.D. Va. Mar. 13, 2008) (Lee, J.) ("[Rule 12(f)] guards against prejudice to the defendant from having to respond to matters that are 'absolutely irrelevant' to plaintiff's claims.") (citation omitted); *Xerox Corp. v. Global Printing, Inc.*, No. 1:05-cv-844, 2005 U.S. Dist. LEXIS 25624 at *10 (E.D. Va. Oct. 25, 2005) (striking superfluous factual allegations and quoting *Xerox Corp. v. Imatek, Inc.,* 220 F.R.D. 241, 243 (D.

Md. 2003) ("[Plaintiff's] alleged violations of generally accepted accounting principles in reporting its profits and losses do not have any relevance whatsoever to [Defendant's] claims for breach of contract, fraud or unjust enrichment.")).

## III. CONCLUSION

For the foregoing reasons, this Court should strike Defendants' affirmative defenses one through four for being insufficient and failing to provide fair notice to Certification Trendz of their nature. This Court should also strike Defendants' "affirmative pleadings" one through three for their impertinence and scandalous nature and their manifest potential to prejudice Certification Trendz in this case.

Dated:  January 11, 2010                    Respectfully submitted,

                                            **McKOOL SMITH P.C.**

                                            By: _/s/ Brandon M. Jordan____
                                                Brandon M. Jordan
                                                Virginia State Bar No. 75054
                                                Robert A. Auchter
                                                D.C. Bar No. 441669
                                                (*Appearing Pro Hac Vice*)
                                                McKool Smith
                                                1700 K Street NW
                                                Suite 740
                                                Washington, D.C. 20006
                                                Tel: (202) 370-8300
                                                Fax: (202) 370-8344
                                                bjordan@mckoolsmith.com

                                            **ATTORNEYS FOR PLAINTIFF
                                            CERTIFICATION TRENDZ, LTD.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 11, 2010, a true and correct copy of the foregoing

document was filed and served electronically through the Clerk of Court pursuant to the Court's

electronic filing procedures using the Court's CM/ECF system to the following counsel of record

for the Defendants:

> Jeffrey H. Greger
> Lowe Hauptman Ham & Berner LLP
> 1700 Diagonal Road, Suite 300
> Alexandria, VA 22314
> Telephone:     (703) 684 - 1111
> Facsimile:     (703) 518-5499
> Email:         jhgreger@IPFirm.com

> /s/ Brandon M. Jordan
> Brandon M. Jordan (Virginia State Bar No. 75054)
> bjordan@mckoolsmith.com
> Robert A. Auchter (*Appearing Pro Hac Vice*)
> McKool Smith
> 1700 K Street NW, Suite 740
> Washington, D.C. 20006
> Tel: (202) 370-8300
> Fax: (202) 370-8344
> **ATTORNEYS FOR PLAINTIFF**
> **CERTIFICATION TRENDZ, LTD.**